MILLS, Judge.
The natural mother, maternal grandfather, and paternal uncle of a three-year-old female child appeal from a final judgment appointing the nonrelative appellee as guardian of the child’s person and property. The issue is whether the circuit court has authority to appoint a guardian where no petition for appointment of guardian is filed with the court.
Appellee filed a petition for adoption; the paternal uncle filed a petition for appointment as guardian; the maternal grandfather filed a counterpetition for appointment as guardian; and the natural mother filed a petition for writ of habeas corpus. The cases were consolidated for final hearing. The court denied each of the petitions, but appointed appellee as guardian.
The authority of the circuit court in guardianship matters is conferred by Chapter 744, Florida Statutes, 1973. Section 744.30, Florida Statutes, 1973, requires that a verified petition for appointment of guardian be filed with the court. In addition, this section sets forth what must be stated in the petition. Because appellee did not comply with Section 744.30, the court lacked jurisdiction to appoint her as guardian.
The trial court denied the petitions of the natural mother, maternal grandfather, and paternal uncle, because it appointed appellee as guardian. Since we have reversed this appointment, it is our opinion that these cases should be remanded for reconsideration of their petitions by the trial court, and, in addition, the trial court may permit the appellee to file a petition for appointment as guardian, if she desires to file one. We do this because we feel that the trial court is in a better position to evaluate the witnesses and their testimony than we are. The trial court may allow such additional testimony as he deems necessary.
Reversed and remanded for reconsideration of the petitions of the natural mother, maternal grandfather, and paternal uncle, and consideration of a petition by appellee, if permitted, and if filed.
McCORD, Acting Chief Judge, and WILLIS, BEN C., Associate Judge, concur.